**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BOARDS OF TRUSTEES OF OHIO
LABORERS' BENEFIT PROGRAMS,

                Plaintiffs,

v.

CENTRAL MASONRY, INC.,

                Defendant.

Case No. 2:19-cv-1730
Judge Michael H. Watson
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

This is an action, initiated on May 1, 2019, for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. (*See* Doc. 1). Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132 and the LMRA, 29 U.S.C. § 185. (*Id*. at 1). Defendant was served with a summons and a copy of the Complaint by certified mail, (*see* Doc. 3), but it has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default against Defendant (Doc. 5), and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a). (Doc. 6).

Plaintiffs have established that Defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which Defendant agreed to pay contributions to the funds on behalf of its employees working within the work jurisdiction of the union. (Doc. 7-3). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on any unpaid contributions. *See* 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376, 388–89 (6th Cir. 1991). The affidavit of Plaintiffs' Contractor Relations Manager establishes that Defendant owes $32,604.90 in unpaid

fringe benefit contributions for the period May 1, 2018 through January 2019. (Doc 9-1, ¶ 3).

Plaintiffs additionally seek an award of attorney's fees in the amount of $2,240.00 for eight hours billed at the rate of $280.00 per hour. (Doc. 7-1). Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.

Plaintiffs are therefore entitled to judgment in the amount of $32,604.90 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,240.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Second Motion for Default Judgment (Doc. 9) be **GRANTED**. It is further **RECOMMENDED** that the Clerk enter judgment against Defendant in favor of Plaintiffs in the amount of $32,604.90, plus attorney fees of $2,240.00 plus interest from the time of judgment at the rate of 1% per month, and that Plaintiffs be awarded costs.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:   July 1, 2019                                       /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE